IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **Beazer Homes Corp.,**<br><br>Plaintiff,<br><br>v.<br><br>**Selective Insurance Group, Inc., Selective Way Insurance Co., Selective Insurance Company of America, and T.C. Electric Company,**<br><br>Defendants. | Civil Action No. 13-215-RGA |

MEMORANDUM

Presently before the Court are Plaintiff's (D.I. 17) and Defendants' (D.I. 21) Cross-Motions for Summary Judgment, and related briefing (D.I. 18, 22, 23, 24, 25, 26). Plaintiff Beazer Homes was added as an additional insured to Defendant T.C. Electric's insurance policy, issued by Defendant Selective Way Insurance Co. ("Selective").[1] One of T.C. Electric's employees was injured at a Beazer development site and brought suit against Beazer. Suit against T.C. Electric was barred due to Delaware's Worker's Compensation laws. *See* 19 Del. C. § 2304. Beazer brought the instant suit seeking a declaration of insurance coverage and damages for related breaches of contract. Selective counterclaimed that it has no duty to defend or indemnify Beazer in the underlying litigation.

The insurance policy provides coverage for "those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which [the

---

[1] As explained later, summary judgment for the other two Selective defendants will be granted.

1

policy] applies." (D.I. 22-2 at 23). The policy obligates the insurer "to defend the insured against any 'suit' seeking [the aforementioned] damages." *Id.* Section II of the policy identifies who is an insured. (D.I. 22-2 at 31). The policy includes an endorsement, referred to as the additional insured provision, which amends Section II as follows:

> **WHO IS AN INSURED** is amended to include as an additional insured any person or organization whom you have agreed in a written contract, written agreement or written permit to add as an additional insured on your policy. Such person or organization is an additional insured only with respect to liability for "bodily injury" or "property damage" or "personal and advertising injury" caused, in whole or in part, by:
>
> 1. Your ongoing operations, "your product," or premises owned or used by you[.]

(D.I. 22-2 at 50-51). The words "you" and "your" refer to the named insured, T.C. Electric. (D.I. 22-2 at 23).

The policy has two other provisions of note, an employer's liability exclusion and a separation of insureds provision. The employer's liability exclusion precludes coverage for bodily injury to "an 'employee' of the insured arising out of and in the course [of e]mployment by the insured." (D.I. 22-2 at 24). The separation of insureds provision states:

> Except with respect to Limits of Insurance, and any rights or duties specifically assigned in this Coverage Part to the first Named Insured, this insurance applies:
>
> a. As if each Named Insured were the only Named Insured; and
>
> b. Separately to each insured against whom claim is made or "suit" is brought.

(D.I. 22-2 at 35).

Defendants have two arguments for why there is no coverage. The first is that the injury does not come under the policy, because it was not caused by T.C. Electric's ongoing operations, products or premises. (D.I. 22 at 17-19). The second argument is that the employer's liability provision excludes coverage. (D.I. 22 at 19-21).

2

Defendants' first argument is premised on the idea that the additional insured provision requires more than a "but for" connection, such that there can be no coverage unless the underlying complaint alleged negligence against T.C. Electric. I think that the actual issue is whether the underlying complaint provides a basis to infer that T.C. Electric could be liable for negligence, but for the Worker's Compensation exclusion. *See Continental Cas. Co. v. Alexis I. duPont Sch. Dist.*, 317 A.3d 101, 105 (Del. 1974) ("The test is whether the complaint alleges a risk within the coverage of the policy."). Beazer has the burden of proving the existence of coverage and that the claims fall within the general terms of the insurance policy. *See State v. National Auto Ins. Co.*, 290 A.2d 675, 678 (Del. Ch. 1972). I do not think that Beazer has met this burden.

The underlying complaint, as written, certainly says that T.C. Electric had "ongoing operations" and maybe "used" the "premises," but it gives no reason at all to infer T.C. Electric's negligence. The allegations of the underlying complaint spell out Beazer's negligence (Count 1), and more dubiously allege negligence by a whole bunch of others (Counts 2 to 7). Counts 2 to 7 do not implicate T.C. Electric at all, and, fairly read, Count 1 does not either. The only way Count 1 might reasonably be read to infer negligence against T.C. Electric is to assume that T.C. Electric is one of Beazer's "agents and/or employees" that was accused of installing the hand hold. (D.I. 22-1 at 6). I do not think that one can make that assumption. The complaint gives no indication that anyone from T.C. Electric had even been to the townhouse prior to the incident.

I do not think that merely because one of T.C. Electric's employees set foot into a townhouse, that the townhouse was "used" by T.C. Electric. The policy covers injuries caused by "premises owned or used by you." (D.I. 22-2 at 50-51). The fact that "owned" and "used" refer to alternatives implies a more regular connection than simply entering the premises. I believe

3

"used" refers to premises rented by T.C. Electric or regular, ongoing, use. "Use" cannot possibly have the broad meaning set forth by the Plaintiff. In such a case, the policy would cover any injury caused by any premises in which T.C. Electric had ever done work, regardless of whether T.C. Electric was at fault or if the injury had anything to do with their actions. This cannot possibly be the case. The underlying complaint does not set forth a basis to conclude that T.C. Electric was negligent. I therefore find for Defendants.

For the sake of completeness, the Court will address Defendants' second argument, which is that the employer's liability provision unambiguously excludes coverage, and the separation of insureds provision does not act to negate the employer's liability provision. Clearly, with regard to T.C. Electric, the employer's liability provision excludes coverage. The provision by its very language applies to an employee "of *the* insured," not *any* insured. Coupled with the separation of insureds provision, which requires that the policy applies separately to each insured, it in fact appears that the employer's liability provision would only exclude coverage for suits by each respective insured's employee. While Defendants argue that there should not be an analysis of choice of article when the language is clear, the choice of article is part of the language. There is a difference between "an," "any," and "the," and it is up to the drafters of the policy to make that choice. Because Defendant Selective made that choice, it will be held to its decision.

While not specifically articulated, Defendants' argument for excluding this type of claim is that not doing so would expand the bargained for coverage. Essentially, by applying the separation of insureds provision to modify the employer's liability exclusion, the additional insured is provided with coverage beyond that which the named insured purchased. This argument is not persuasive. The additional insured endorsement was clearly bargained for, and was presumably drafted by Defendant Selective. Had Selective not wanted to provide such

4

coverage, it could have used clear language, for instance denying coverage to "any employee of any insured." Furthermore, the separation of insureds provision could have been amended to not apply to the employer's liability exclusion. All these options were well within the power of the drafter. Furthermore, providing coverage for T.C. Electric's employee injured by an "additional" insured's negligence seems to fit harmoniously with the Delaware statutory scheme that provides Worker's Compensation coverage for the employee's injury caused by T.C. Electric. Therefore, Plaintiff does not lose coverage as an additional insured under the policy simply because T.C. Electric's employee could not sue T.C. Electric under the policy.

As for the remaining issues, Defendants moved for summary judgment of Beazer's breach of contract, fiduciary duty, and good faith and fair dealing claims. As the motions for summary judgment are based upon a finding of no coverage, those motions are granted. As for the breach of fiduciary duty claim, Beazer did not reply to Defendants' argument (D.I. 22 at 22-23) and therefore summary judgment on that claim is granted without opposition. Furthermore, because Beazer does not object to the dismissal of Selective Insurance Group, Inc. and Selective Insurance Company of America (D.I. 24 at 19), their motion for summary judgment will be granted.[2]

---

[2] The parties discuss "dismissal" of these defendants, but since the motion is one for summary judgment, I will grant summary judgment.

5